IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT FRAZIER,** <br><br> **Plaintiff,** <br><br> v. <br><br> **PUBLIC SERVICE COMPANY OF OKLAHOMA,** <br> **CITY OF TULSA,** <br> **ONE GAS, INC. d/b/a OKLAHOMA NATURAL GAS COMPANY** <br><br> **Defendants.** | Case No. 21-CV-00410-SEH-CDL |

## OPINION AND ORDER

Through an Amended Complaint, Plaintiff Robert Frazier alleges that Defendants Public Service Company of Oklahoma ("PSO"), City of Tulsa, and One Gas, Inc. d/b/a Oklahoma Natural Gas Company ("ONG") willfully and negligently violated the Truth in Lending Act, the Fair Debt Collection Practices Act, and federal criminal law by engaging in identity theft, fraud, and unethical debt collection practices through a series of transactions and communications. [ECF No. 12]. Defendants move to dismiss his claims, arguing that he has failed to state a claim upon which relief can be granted. [ECF Nos. 14, 18, 39]. For the reasons set out below, the defendants' motions to dismiss are granted.

### I. Standard

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) based on a plaintiff's failure to state a claim upon which relief can be granted. To survive such a motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When determining whether to dismiss a complaint, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The analysis requires a two-pronged approach. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," i.e., those allegations which are merely conclusory. *Iqbal*, 56 U.S. at 680–81. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual

2

allegations." *Id.* at 679. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Second, the court assumes the veracity of "well-pleaded factual allegations" and determines "whether they plausibly give rise to an entitlement to relief." *Id.* at 679. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id.*

The court must liberally construe allegations contained in a pro se complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the plaintiff still has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so …." *Id.* But the court is not required to accept "mere conclusions characterizing pleaded facts …." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). And a court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## II. Discussion

### A. *Plaintiff fails to state a claim against Defendants for a violation of the Truth in Lending Act because Defendants are exempt from the Act's authority.*

Frazier first alleges that the defendants violated Sections 1605(a), 1611, and 1635 of the Truth in Lending Act by failing to provide proper disclosures and notices. [ECF No. 12 at 3–4]. The Truth in Lending Act, 15 U.S.C. §§ 1601. et seq., was passed in 1968 to promote "the informed use of credit" by enforcing meaningful disclosures to consumers. *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 363–64 (1973). Congress delegated "expansive authority to the Federal Reserve Board to elaborate and expand the legal framework governing commerce in credit." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559–60 (1980). "The Board executed its responsibility by promulgating Regulation Z, 12 CFR Part 226 (1979)." *Id.* at 560. The Truth in Lending Act exempts transactions where the Bureau[1] "determines that a State regulatory body regulates the charges for the public utility services involved, the charges for delayed payment, and any discount allowed for early payment." 15 U.S.C. § 1603(4). Regulation Z exempts certain credit

---

[1] In response to the 2008 financial crisis, Congress enacted the Dodd-Frank Wall Street Reform and Consumer Protection Act which created the Consumer Financial Protection Bureau, an independent financial regulator. *Consumer Financial Protection Bureau v. Community Financial Services Association of America, Limited, et al.*, 601 U.S. 416, 421 (2024). "Congress charged the Bureau with enforcing consumer financial protection laws" and consolidated in it the authority to administer existing consumer protection statutes. *Id.*

extensions involving public utility services "provided through pipe, wire, [and] other connected facilities ... if the charges ... are filed with or regulated by any governmental unit." 12 C.F.R. § 1026.3(c).

PSO, the City of Tulsa, and ONG each argue that they are exempt from the Truth in Lending Act's authority under Regulation Z. The Court agrees. These entities all provide services through connected facilities for public use.[2] The Oklahoma Corporation Commission has the power and authority to regulate all transmission companies in Oklahoma, including setting rates, enforcing rules, adjusting claims, and settling controversies between the companies and their patrons or employees. Okla. Const. Art. 9, § 18; *see also* 17 O.S. § 152(A). The Tulsa Metropolitan Utility Authority is a public trust organization created by City Charter "whose primary responsibility is to manage Tulsa's water works and sanitary sewer systems." *Lot Maintenance of Oklahoma, Inc. v. Tulsa Metropolitan Utility Authority*, 16 F.Supp.3d 1316, 1319 (N.D. Okla. 2014); Tulsa Code of Ordinances Title 39, Chapter 3 § 300,

---

[2] The Court takes judicial notice that PSO, the City of Tulsa, and ONG provide services through pipe, wire, or other connected facilities. *See* Fed. R. Evid. 201 (the court "may judicially notice a fact" that is "generally known" in the jurisdiction); *see also Lease Lights, Inc. v. Public Service Co. of Okla.*, 849 F.2d 1330, 1331–2, 1334 (10th Cir. 1988) ("PSO is a public utility engaged in the generation, transmission, and delivery of electricity in parts of eastern and southwestern Oklahoma."); *Dalton v. City of Tulsa*, 560 P.2d 955, 956 (Okla. 1977) (noting that the City of Tulsa "sold water to its residents"); *State v. Okla. Nat. Gas Co.*, 640 P.2d 1341, 1343–44 (Okla. 1982) (explaining that ONG "is a natural gas public utility" that "has been engaged in the purchase, transmission, storage, and distribution of natural gas since October 1906.").

5

Ord. No. 8113. The City Charter sets rates for city water and sewer services. *See* Tulsa Code of Ordinances Title 11-C, Chapter 3, 7 §§ 302, 702, Ord. Nos. 17738, 17739. Therefore, PSO, the City of Tulsa, and ONG are public utility entities under the Truth in Lending Act.

Because Frazier does not allege facts showing these entities do not provide public utility services, they are exempt from the Act's authority. Thus, allegations that Defendants violated 15 U.S.C. §§ 1605(a), 1611, and 1635 cannot proceed. The first claim of the Amended Complaint is dismissed.

### B. Plaintiff fails to state a claim against Defendants for a violation of the Fair Debt Collection Practices Act because Defendants are not debt collectors.

Frazier next alleges that the defendants violated the Fair Debt Collection Practices Act ("FDCPA") by engaging in deceptive practices. [ECF No. 12 at 3–4]. Congress enacted the FDCPA, 15 U.S.C. §§ 1692–1692p, in 1977 with the express purpose to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (quoting 15 U.S.C. § 1692(e)) (internal quotation marks omitted). The Act prohibits "debt collectors" from engaging in certain conduct with consumer debtors. *Id*. "Accordingly, a defendant can be held liable for violating the FDCPA *only if*

6

[he] is a 'debt collector' within the meaning of the FDCPA." *Id*. at 1316 (emphasis added).

The FDCPA defines a "debt collector" as a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects … debts … owed or due another." *Id*.; 15 U.S.C. § 1692a(6). The term does not include creditors who seek to collect their own debts unless they operate under an alias indicating that a third person is collecting the debt. *See* 15 U.S.C. § 1692a(6)(A); *McCoy v. Deutsche Bank National Trust Co.*, No. 15-cv-00613-RBJ-KLM, 2016 WL 1047822, at *6 (D. Colo. Feb. 23, 2016) ("according to its terms, the FDCPA is limited in its application to those collecting the debts "of another" and does not apply to the activities of creditors seeking to collect their own debts.").

Frazier alleges that Defendants tried to collect an alleged debt. [ECF No. 12 at 4]. But he does not allege facts showing that PSO, the City of Tulsa, or ONG engaged in interstate commerce for the primary purpose of collecting debts.[3] Nor do his allegations reference any attempts by Defendants to collect

---

[3] The Amended Complaint contains no allegation that would qualify any defendant as a "debt collector." Because Frazier is pro se, the Court also considers whether any allegations in the original Complaint [ECF No. 2] would serve to state a claim. Although Frazier states in the original Complaint that the defendants use an "instrumentality of interstate commerce or the mails in business the principal purpose of which is the collection or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," this allegation is merely

7

a debt "owed or due another." *See* 15 U.S.C. § 1692a(6). Based on the factual allegations in the Amended Complaint, the Court concludes that Defendants are not debt collectors and are therefore not subject to the FDCPA. The second claim of the Amended Complaint is dismissed.

### *C. Plaintiff fails to state a claim against Defendants for a violation of federal criminal law because the criminal statutes do not provide for a private civil cause of action.*

Frazier last alleges that Defendants committed identity theft and bank fraud by taking his "information without [his] consent," "sending misleading statements in the mail for money," and using his identity "with the intent to defraud," violating 18 U.S.C. §§ 1028(a), 1029, and 1344. [ECF No. 12 at 3–4]. However, alleged violations of the federal criminal code cannot support a private civil cause of action. *See Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003) ("the criminal statutes do not provide for private civil causes of action"); *Monge v. Nevarez Law Firm*, Case No. 20-cv-01118-MV-SMV, 2021 WL 2667165, at *2 (D.N.M. 2021) (dismissing with prejudice a similar pro se claim based on alleged violations of criminal statutes). Because alleged violations of 18 U.S.C. §§ 1028(a), 1029, and 1344 do not give rise to a private civil right of action, the third claim of the Amended Complaint is dismissed.

---

conclusory. [ECF No. 2 at 3]. This cannot suffice to state a claim for relief. *See Hall*, 935 F.2d at 1110 ("conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based").

### III. Conclusion

Defendants are exempt from the authority of the Truth in Lending Act and the Fair Debt Collection Practices Act and cannot be sued under either. Additionally, none of the criminal statutes Frazier cites provide for a civil cause of action. Therefore, his Amended Complaint [ECF No. 12] fails to state a viable claim for relief. Defendants' motions to dismiss [ECF Nos. 14, 18, 39] are granted. Plaintiff's claims are dismissed with prejudice.[4]

DATED this 6th day of May, 2025.

*Sara E. Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE

---

[4] As a result of this order, Frazier's motion for summary judgment [ECF No. 22] is denied as moot.